IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:05 CV 264

| | | |
|---|---|---|
| **DECISION ONE MORTGAGE COMPANY, LLC.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| **ACCESS LENDING CORPORATION and** | ) | |
| **DAVID FLEIG,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on the "Defendants' Motion to Dismiss" (Document No. 9), filed August 25, 2005, by Access Lending Corporation and David Fleig; the "Plaintiff's Brief in Opposition..." (Document No. 14), filed September 26, 2005 by Decision One Mortgage Company; and the "Defendants' Reply..." (Document No. 18), filed October 12, 2005. The parties have consented to magistrate jurisdiction pursuant to 28 U.S.C. § 636(c).

The Court has carefully reviewed the parties' pleadings. The Defendants allege that they are residents of Texas and not subject to personal jurisdiction in the Western District of North Carolina. They seek dismissal of the Plaintiff's Complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12 (b)(2). The Plaintiff claims there are sufficient contacts between the Defendants and the current forum to establish a sufficient basis for personal jurisdiction, and therefore, the Defendants' motion should be denied. Finding this a close question, the Court concludes that its determination of personal jurisdiction may be aided by discovery limited to issues which tend to establish or refute personal jurisdiction in this case. Therefore, the Court will defer ruling on the

1

Motion to Dismiss to allow limited discovery relevant to the motion.

Therefore, the parties are directed to meet and confer regarding the appropriate scope of discovery and to outline what discovery will be conducted for the purpose of deciding the pending motion to dismiss only. The Court prefers that the parties jointly submit a proposed limited discovery order. However, if the parties are unable to agree on the terms of such an order, each shall submit their own proposed order to the Court for its consideration.

**IT IS, THEREFORE, ORDERED** that the parties are directed to meet and confer regarding the appropriate scope of limited discovery and to outline what discovery will be conducted for the purpose of deciding the pending motion to dismiss only.

**IT IS FURTHER ORDERED** that the parties shall file a proposed order, jointly if possible, outlining proposed limited discovery relevant to the jurisdictional issue only within fourteen (14) days of the date of this Order. If the parties are unable to agree on the terms of such an order, the Plaintiff and the Defendants shall file their own proposed orders with the Court for its consideration within (14) days of the date of this Order.

Signed: June 12, 2006

David C. Keesler
United States Magistrate Judge